IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHEILA HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 12-cv-2673 KHV/JPO |
| | ) |
| CREDITORS SERVICE | ) |
| BUREAU, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, SHEILA HENDERSON, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, CREDITORS SERVICE BUREAU, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. SHEILA HENDERSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Topeka, County of Shawnee, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Pediatric Associates (hereinafter, "the Debt").

6. The Debt was for a medical bill allegedly incurred by Plaintiff's child.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CREDITORS SERVICE BUREAU, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is incorporated in the State of Kansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. In or around July 2012, Defendant initiated a telephone call to Plaintiff's place of employment in an attempt to collect the Debt.

15. Defendant then engaged in a telephone conversation with a colleague of Plaintiff.

16. During the course of the aforesaid telephone conversation between Defendant and Plaintiff's colleague Defendant stated that it was calling to contact Plaintiff.

17. Defendant's duly authorized representative stated it was calling from Pediatric Associates.

18. Defendant's representation that it was calling from Pediatric Associates was false, deceptive and/or misleading given that Defendant's duly authorized representative was a debt collector calling on behalf of Defendant, not on behalf of Pediatric Associates.

19. Defendant's duly authorized representative then provided Plaintiff's colleague with a telephone number Plaintiff was to contact.

20. The telephone number provided to Plaintiff's colleague was Defendant's telephone number.

21. Plaintiff's colleague informed Plaintiff of the contents of her telephone conversation with Defendant.

22. Plaintiff did not consent to Defendant communicating with third-parties relative to the Debt.

23. On or about July 10, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the Debt.

24. At the time Defendant initiated the aforesaid telephone call to Plaintiff, Defendant left a voicemail message for Plaintiff in an attempt to collect the Debt.

25. During the course of the aforesaid voicemail message Defendant's duly authorized representative stated "I have left several messages now and we have verified employment."

26. Defendant further stated to Plaintiff "[w]e will be proceeding with further action if I have not had a return phone call from you by this Friday, the thirteenth (13th) of July at 5:00 p.m."

27. Defendant then left a telephone number at which Plaintiff could contact Defendant.

28. Plaintiff heard the contents of the voicemail message Defendant left for her.

29. Defendant's representations that it would be proceeding with further action against Plaintiff, in conjunction with the representation Defendant made to Plaintiff that it had verified her employment, had the effect of conveying to an unsophisticated consumer that Defendant would garnish Plaintiff's wages if Plaintiff did not contact Defendant prior to July 13, 2012.

30. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the Debt.

31. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the Debt.

32. The Debt is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the Debt.

33. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c.  Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    d.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    e.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

    f.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

34. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

36. The Plaintiff, SHEILA HENDERSON, by and through her attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHEILA HENDERSON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Plaintiff's attorneys' fees and costs;

    d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SHEILA HENDERSON**

By: <u>    s/ D. Matthew Durgin        </u>
Attorney for Plaintiff

<u>Dated: October 16, 2012</u>

D. Matthew Durgin (Atty. No.: 21557)
SMITHMARCO, P.C.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:   (913) 908-2313
             (913) 871-4170
Facsimile:   (888) 418-1277
E-Mail:      mdurgin@smithmarco.com